Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
## for the
### District of
#### Division

| | |
|---|---|
| Mahmoud Farouk Sakr <br> *Plaintiff(s)* <br><br> -v- <br><br> Project on Middle East Democracy (POMED), Tess McEnery, Amy Hawthrone, and Stephen McInerney. <br> *Defendant(s)* | Case: 1:23-cv-00580 **JURY DEMAND** <br> Assigned To : Unassigned <br> Assign. Date : 3/2/2023 <br> Description: Employ. Discrim. (H-DECK) <br><br> Jury Trial: *(check one)*  ☑  ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Mahmoud Farouk Sakr |
| Street Address | 2024 N Scott st, Apt 304 |
| City and County | Arlington |
| State and Zip Code | VA, 22209 |
| Telephone Number | 315-876-8035 |
| E-mail Address | mahmoudfarouk83@gmail.com |

RECEIVED

MAR - 2 2023

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Project on Middle East Democracy (POMED) |
| Job or Title *(if known)* | |
| Street Address | 1730 Rhode Island Ave NW, Suite 617 |
| City and County | Washington, DC |
| State and Zip Code | 200036 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Tess McEnery |
| Job or Title *(if known)* | Executive Director |
| Street Address | 1730 Rhode Island Ave NW, Suite 617 |
| City and County | Washington, DC |
| State and Zip Code | 200036 |
| Telephone Number | 202-470-3952 |
| E-mail Address *(if known)* | tess.mcenery@pomed.org |

Defendant No. 3

| | |
|---|---|
| Name | Amy Hawthrone |
| Job or Title *(if known)* | Deputy Director for Research |
| Street Address | 1730 Rhode Island Ave NW, Suite 617 |
| City and County | Washington, DC |
| State and Zip Code | 200036 |
| Telephone Number | |
| E-mail Address *(if known)* | amy.hawthorne@pomed.org |

Defendant No. 4

| | |
|---|---|
| Name | Stephen McInerney |
| Job or Title *(if known)* | Former Executive Director for Project on Middle East Democracy (POMED) |

| | |
|---|---|
| Street Address | 1730 Rhode Island Ave NW, Suite 617 |
| City and County | Washington, DC |
| State and Zip Code | 200036 |
| Telephone Number | |
| E-mail Address *(if known)* | stephen.mcinerney@pomed.org |

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:
Equal Pay Act of 1963

☐ Relevant state law *(specify, if known)*:


☑ Relevant city or county law *(specify, if known)*:
The District of Columbia Human Rights Act of 1977 - District of Columbia Wage Transparency Act of 2014. District of Columbia Wage Transparency Act of 2014.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**III.    Statement of Claim**

<u>**NATURE OF THE CLAIMS**</u>

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices against Plaintiff, including its discriminatory treatment and harassment of Plaintiff due to national origin and its unlawful retaliation against him after he complained about unlawful discrimination in the workplace in violation of the Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and the District of Columbia Human Rights Act, D.C. Code §2-1401.01 et seq. (DCHRA"), the Equal Pay Act of 1963, and the District of Columbia Wage Transparency Act of 2014.

    A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

    ☐ Failure to hire me.
    ☐ Termination of my employment.
    ☑ Failure to promote me.
    ☐ Failure to accommodate my disability.
    ☐ Unequal terms and conditions of my employment.
    ☑ Retaliation.
    ☑ Other acts *(specify)*: Equal pay discrimination

    B.    It is my best recollection that the alleged discriminatory acts occurred on date(s) Earliest July 2017 - Continuing Action

    C.    I believe that defendant(s) *(check one)*:

    ☑ is/are still committing these acts against me.
    ☐ is/are not still committing these acts against me.

    D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

    ☐ race
    ☐ color
    ☐ gender/sex
    ☐ religion
    ☑ national origin        Egyptian
    ☐ age *(year of birth)*              *(only when asserting a claim of age discrimination.)*
    ☐ disability or perceived disability *(specify disability)*

E.  The facts of my case are as follows. (Please see attached documents)

## PARTIES

2. Plaintiff Mahmoud Farouk Sakr (Mahmoud) is an Egyptian national.

3. Plaintiff is bilingual in Arabic and English and has over 15 years of extensive experience in the fields of non-profit organizations, think tanks, policy and human rights advocacy. In addition, he has dozens of contributions, including published articles, policy papers, reports, and multiple media appearances commenting on political development in the Middle East.

4. Plaintiff is in the US on an O-1 Extraordinary Ability Visa which he first received in 2019 and was renewed in 2022.

5. Upon information and belief, Defendant Project on Middle East Democracy (POMED) is a DC-based nonprofit organization dedicated to examining how genuine democracies can develop in the Middle East and how the United States can best support that process.

6. Upon information and belief, Defendants Tess McEnery is the executive director for the Project on Middle East Democracy (POMED), Amy Howthrone is the deputy director for research at POMED, and Stephen McInerny is the former executive director for POMED.

## FACTUAL ALLEGATIONS

7. At all times relevant herein, Plaintiff Mahmoud Farouk was and still is employed at POMED in DC.

8. Mahmoud was hired as a program associate at POMED in June 2017 and was promoted to a program coordinator in March 2019.

9. Mahmoud was hired with less salary compared to his American counterparts.

10. During the year of 2021, Defendants hired two American colleagues, who were fresh graduates with no work experience with higher or the same salary that Mahmoud was receiving at POMED. During 2021, Mahmoud had been working for POMED for almost four years.

11. Mahmoud was and still paid less than American coworkers who are substantially equal in skills, effort, and responsibilities.

12. Mahmoud, also, received less salary increases compared to his American colleagues.

13. Around the end of 2018, Defendant Ms. Hawthorne used derogatory and discriminatory statements while talking to Mahmoud in POMED's office, she screamed at him and said, "Let me be blunt…you don't know how to speak or to write in English." None of POMED's management acted in any way to stop her.

14. Plaintiff Mahmoud decided to submit a complaint at this time due to his legal and immigration status that makes him very vulnerable in a new society.

15. Defendant McInerney and POMED as a legal entity discriminated against Mahmoud by refusing to pay or to reimburse for the expenses of his hiring visas in 2019 and 2022 (including, legal fees, filing fees, travel expenses and visa appointments) while they pay other employees who are not from Egyptian origin.

16. Defendants denied Mahmoud a promotion to a managerial position in 2021 for which he was highly qualified and even advised him not to apply.

17. If he applied, Mahmoud feared that he would be fired or subject to retaliation, given the hostile work environment at POMED.

18. Defendants abused Mahmoud's legal status, increasing workloads without pay. The extra work required Mahmoud to work beyond working hours for a long period of time. At times he had to leave POMED's office after midnight and also worked during the weekends.

19. Defendants abused Mahmoud's legal status and gave him more assignments to fulfill outside of his work responsibilities with no pay.

20. During the end of summer of 2021, Mahmoud had several calls with Defendant Mr. McInerney to share with him his suffering and evidence that he is treated with less and receive less opportunity.

21. On several occasions in the year of 2022, Defendant Mr McInerney and Defendant Ms Hawthorne told Mahmoud that he should "leave POMED and find another place" as a response to his engagement of legal protected activity.

22. During the process of renewing the O-1 Visa, Defendant McInerney made derogatory remarks while he was signing the visa documents by saying, "I hope you deserve it."

23. In late summer of 2022, during a group call with all POMED staff, Mahmoud asked Defendant Mr. McInerney about the process to submit a complaint if one knows of any illegal or unethical activity that is taking place at POMED.

24. In late summer of 2022, Defendant Ms. Hawthorne called Mahmoud after this group meeting and said several derogatory statements towards Mahmoud and his culture.

25. On September 7 2022, Defendant Ms. Amy Hawthorne used a discriminatory and harassing remarks, including "you should go to find another country to live in…I know so many people in countries that would kill to be in your position and come here and have a job…and stay in this country."

26. On September 8 2022, Mahmoud contacted POMED board member (Mr. Michael Shor) to ask about the process to submit a complaint about discrimination actions at POMED.

27. In Late summer of 2022, Mahmoud, as well as one other former fellow and Arab employee shared information with Defendant Ms. McEnery about discriminatory actions and policies in the organization and her response was to end a contract for one and retaliate from Mahmoud to single him out.

28. Mahmoud submitted a complaint to POMED's board on November 4, 2022 and waited for almost four months for his complaint to be addressed. However, no action was taken to hold defendants accountable.

29. Mahmoud also, was a medium to deliver another complaint about discrimination and bad governance to the board from several Egyptians who worked or had fellowships at POMED. POMED's board decided not to listen or to meet with any other complaints, aiming to single out Mahmoud.

30. From December 2022, POMED's managing director started to reach out to several Egyptians who worked or had fellowships with POMED aiming to win them and to make the case a one person issue.

31. In December 2022, POMED managing director, Ms. Shobaki, used some derogatory statements in a group meeting while addressing Mahmoud aiming to silence him. Mahmoud from his end, communicated to his direct supervisor, Cynthia Nassif, that such statements should not be accepted in a work setting. Mahmoud's supervisor was dismissive and silenced him.

32. Mahmoud submitted a complaint to POMED's board on November 4, 2022 and waited for almost four months for his complaint to be addressed. However, no action was taken to hold defendants accountable.

33. Starting from approximately October 2022, Defendant Ms. McEnery directed and led a consistent campaign towards Mahmoud in the workplace by marginalizing him, avoiding talking to him, and avoiding responding to emails.

34. Starting from approximately January 2023, an online campaign started to leak information that Defendant Ms. McEnery and Mr. McInerney along with some POMED's members started to agree on a retaliation plan to terminate Mahmoud, that was put forward by Ms. McEnery.

35. During December 2022, Defendant Ms. McEnery encourages and directs acts of favoritism in the workplace by giving temporary managerial positions to a new employer with no experience at POMED's work aiming to retaliate from Mahmoud by depriving him from any opportunity and to make the work environment to be hostile or abusive.

36. During December 2022, Mahmoud (Along with all other Arab colleagues) expressed their rejection to these favoritism actions and Ms. McEnery refused to listen to them.

37. During December 2022, Mahmoud sent an email to Ms. McEnery telling her about his grievances from the favoritism actions and policies that are taking place at POMED and suggested some policies to end such actions and she did not respond to his email.

38. In January 2023, Defendant Ms. McEnery retaliated against Mahmoud and informed him that his contract will be terminated by the end of April 2023.

39. In a retaliatory action, Defendant Ms. McEnery abused and misused her power, by directing, accepting and colluding with other Defendants to fabricate internal complaints against Mahmoud by saying that he is "aggressive person" and employees fear for their virtual and physical space from him.

40. Defendant Ms. McEnery did not provide any information of when and where and how Mahmoud committed any action that would make his colleagues fear him.

41. Defendant Ms. McEnery did not investigate the claims she received and abused the power she gave to herself in a corrupt way to use all her force and power to suppress, retaliate from Mahmoud and silence him.

42. In late January 2023, Mahmoud shared this information with POMED's board, however, no action was taken.

43. Defendant Ms. McEnery Issued a notice and an administrative disciplinary measure based on unsubstantiated accounts and unfounded accusations, creating a work environment that is intimidating and hostile.

## FIRST CAUSE OF ACTION
(Violation of the Equal Pay Act)

44. Plaintiff hereby alleges the allegations in each of the preceding paragraphs as it fully sets forth herein.

45. Defendants have discriminated against Plaintiff in violation of the Equal Pay Act of 1963 by unlawfully denying him equal pay because of his national origin, despite Plaintiff's attempts to address this pay discrepancy with the Organization.

46. As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the Equal Pay Act, Plaintiff has suffered and continues to suffer financial and economic damages and emotional distress.

47. Defendants' unlawful discriminatory conduct constitutes a willful violation of the Equal Pay Act, was outrageous, was intended to injure Plaintiff, and was done in flagrant violation to Plaintiff's right to equal pay, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Section 1981)

48. Plaintiff hereby confirms the allegations in each of the preceding paragraphs as it fully sets forth herein.

49. Defendants have violated Section 1981 by subjecting Plaintiff to retaliation for his protected complaints and rejection to POMED's discriminatory actions on the basis of national origin, informing Plaintiff of the termination of his employment with the Organization by the end of June 2023.

50. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary damages, including, but not limited to, loss of fair compensation and benefits for which he is entitled to an award of monetary damages and other relief.

51. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, humiliation, stress and anxiety, loss of dignity, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

52. Defendants' unlawful retaliatory conduct constitutes a willful violation of Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## THIRD CAUSE OF ACTION
### (Violation of the DC Human Rights Act)

53. Plaintiff hereby alleges the allegations in each of the preceding paragraphs as it fully sets forth herein.

54. Defendants have discriminated against Plaintiff in violation of the DC Human Rights Act by subjecting him to disparate discriminatory treatment because of his national origin, terminating Plaintiff's employment with the Organization.

55. As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the DC Human Rights Act, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited, humiliation, stress and anxiety, loss of dignity, damage to his professional reputation, and emotional pain and suffering.

56. Defendants' unlawful discriminatory conduct constitutes a willful violation of the DC Human Rights Act, was outrageous, was intended to injure Plaintiff, and was done with conscious indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of the DC Human Rights Act)

57. Plaintiff hereby repeats the allegations in each of the preceding paragraphs as it fully sets forth herein.

58. Defendants have violated the DC Human Rights Act § 2–1402.61 by subjecting Plaintiff to retaliation for his protected complaints and opposition to POMED's discriminatory actions on the basis of national origin by, inter alia, terminating Plaintiff's employment with the Organization.

59. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the DC Human Rights Acts, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited, humiliation, stress and anxiety, loss of dignity, damage to his professional reputation, and emotional pain and suffering.

60. Defendant's unlawful retaliatory conduct constitutes a willful violation of the DC Human Rights Act, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## IV. Exhaustion of Federal Administrative Remedies

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

11/18/2022

B.  The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)*   12/03/2022

(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)

C.  Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the District of Columbia;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An award of damages in an amount to be determined at trial, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

D. An award of damages in an amount to be determined at trial, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, stress and anxiety, loss of personal dignity, and emotional pain and suffering and any other physical or mental injuries;

E. An award of damages in an amount to be determined at trial, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

F. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial;

G. An award of punitive damages; and

H. Such other and further relief as the Court may deem just and appropriate.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   03/02/2023

Signature of Plaintiff
Printed Name of Plaintiff   Mahmoud Farouk Sakr

B. **For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address